IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK D. FELIX,
    Plaintiff and
    Counterclaim-Defendant,    Case No. 05-2525 CM-DJW

    v.

AMERICAN HONDA MOTOR CO., INC.
a California corporation.

    Defendant,
    Counterclaim-Plaintiff

**PROTECTIVE ORDER**

The Parties hereby consent to the Court's issuance of this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. The issuance of this Protective Order is necessary because defendant, American Honda Motor Co., Inc. ("American Honda"), will likely be required to produce information, documents and/or materials of a confidential and proprietary nature in this litigation. Public disclosure or dissemination of such information, documents and/or materials could potentially damage American Honda or place American Honda at a competitive disadvantage. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue.

**IT IS THEREFORE, ORDERED THAT:**

    1.    "Classified Information" as used herein, means any information, document or material of any type, kind or character which is designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by any of the producing or receiving parties pursuant to paragraph 2 or 3 of this Protective Order.

2. Any party to this action or non-party shall have the right to designate as "Confidential," any information, documents or materials produced which the producing party or non-party believes in good faith contains, reflects, or otherwise discloses non-public, confidential information that relates to (1) the design, structure, function or manufacture of the accused products, and/or (2) the sale of the accused products. This designation shall be made by marking each page or thing containing confidential information with the legend "Confidential" prior to its production, or if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information, documents or materials shall be considered "Confidential" under this Order.

3. Any party to this action or non-party shall have the right to designate as "Confidential-Attorneys' Eyes Only" any information, documents, or materials produced which the producing party or non-party believes in good faith contains, reflects, or otherwise discloses (a) trade secrets; (b) research and development or other highly sensitive technical information; or (c) highly sensitive business-related financial information. This designation shall be made by marking each page or thing containing confidential information with the legend "Confidential-Attorneys' Eyes Only" prior to its production or if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information, documents or materials shall be considered "Confidential-Attorneys' Eyes Only" under this Order.

4. In lieu of marking the original as "Confidential" or "Confidential-Attorneys' Eyes Only," if the original is not produced, the designating party or non-party may mark the copies that are produced or exchanged. If any person subject to this Order has actual knowledge that two or more copies of a document or thing are designated differently, that person shall treat all such copies in accordance with the most restrictive designation indicated on those copies.

5. Information, documents or materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall not include (a) advertising materials, (b) materials

that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

6.   At any time after the delivery of information, documents or materials marked "Confidential" or "Confidential-Attorneys' Eyes Only," counsel for the receiving party may challenge the "Confidential" or "Confidential-Attorneys' Eyes Only" designation of all or any portion thereof by providing written notice thereof to counsel for the producing party.  If the parties are unable to agree as to whether the "Confidential" or "Confidential-Attorneys' Eyes Only" designation of discovery material is appropriate, the receiving party shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the information, documents or materials. Thereafter, the producing party shall have thirty (30) days from the date of certification to file a motion for protective order with regard to any information, documents or materials in dispute. The producing party shall have the burden of establishing that the information, documents or materials are entitled to the designated confidential treatment.  If the producing party does not timely file a motion for protective order, then the information, documents or materials in dispute shall no longer be subject to confidential treatment pursuant to the terms of this Order.  All information, documents or materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of the information, documents or materials are entitled to confidential treatment.

7.   No change in this Order that adversely affects the protection of any information, documents or materials produced or given by a nonparty in this case shall be made without giving appropriate notice and opportunity to be heard by the Court to that nonparty.

8. Any information, document or material designated as "Confidential," shall be disclosed only to the following persons:

(a) The parties, including Mark Felix and designee Mike Felix, and up to five (5) designees for American Honda;

(b) Counsel for the party or parties in this action receiving information, documents and/or materials designated as "Confidential;"

(c) Employees or third-party contractors of such counsel (excluding experts and investigators) that are necessary to assist such Counsel in the preparation and trial of this action;

(d) Actual or potential independent experts or consultants who have signed a document in the form of Exhibit "A" attached hereto; a copy of such signed document shall be served on opposing counsel by the attorney retaining such person before the disclosure of information, documents or materials designated as "Confidential" to said person(s);

(e) Two (2) representatives from each supplier, if any, who provide components for the In-Bed Trunk™ of the Ridgeline vehicle distributed by American Honda who have signed a document in the form of Exhibit "A" attached hereto; a copy of such signed document shall be served on opposing counsel by the attorney(s) representing American Honda before the disclosure of information, documents and/or materials designated as "Confidential" to said supplier representatives; and

(f) The Court, including any person employed or contracted by the Court whose duties require access to the information, documents and/or materials.

9. Any information, document or material designated as "Confidential-Attorneys' Eyes Only," shall be disclosed only to the following persons:

(a) Counsel for the party or parties in this action receiving information, documents or materials designated as "Confidential-Attorneys' Eyes Only;"

(b) Employees or third-party contractors of such counsel (excluding experts and investigators) that are necessary to assist such Counsel in the preparation and trial of this action;

(c) actual or potential independent experts or consultants who have signed a document in the form of Exhibit "A" attached hereto; a copy of such signed document shall be served on opposing counsel by the attorney retaining such person before the disclosure of information, documents or materials designated as "Confidential-Attorneys' Eyes Only" to said person(s) and

(d) The Court, including any person employed or contracted by the Court whose duties require access to the information, documents and/or materials.

10. Information, documents and/or materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be used solely for the defense and prosecution of this litigation.

11. If a producing party inadvertently produces to a receiving party (1) any confidential information, documents and/or materials without marking it as "Confidential" or "Confidential-Attorneys' Eyes Only" or (2) any information or document that is privileged or otherwise immune from discovery under the work product doctrine, the receiving party shall, at the request of the producing party, return all such inadvertently produced information and documents to the producing party.

12. The inadvertent production by a producing party of confidential information, documents and/or materials that are privileged or otherwise immune from discovery under the work product doctrine, shall not be deemed a waiver in whole or in part of the producing party's claim of restriction or privilege as to specific information disclosed or information on the same or related subject matter.

13. Portions of or entire deposition transcripts may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" during the deposition by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential-Attorneys' Eyes Only" and is subject to the provisions of this Order, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the reporter.

14. Any party or nonparty may also designate information contained in a deposition transcript as "Confidential" or "Confidential-Attorneys' Eyes Only" by notifying all of the parties, in writing within thirty (30) business days after receipt of the transcript, by identifying the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody or control.

15. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. Upon final disposition of this litigation, the Court's jurisdiction, including jurisdiction to enforce the Protective Order is terminated. However, any party may seek leave to reopen the case to enforce the provisions of this Order

16. Within sixty (60) days after the final conclusion of this litigation including any appeals relating thereto, any document and all reproductions of any documents produced to a party, in the possession of any of the person qualified under 8 (a) through (e) and 9 (a) through (c), shall be returned to the producing party except as this Court may otherwise order or to the extent such information was used as evidence, and was not admitted under seal, at the trial. In lieu of returning the documents, all such documents can be destroyed provided that a certificate

of destruction listing the documents and certifying that they have been destroyed is sent to the producing party within said sixty (60) day period.

        17.    This Order shall be binding upon persons identified in 8 (a) through (f) and 9 (a) through (d) including the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, other persons or organizations over which they have control.

        IT IS SO ORDERED.

        Dated in Kansas City, Kansas on this 17th day of May, 2006.

        s/ David J. Waxse  
        HON. DAVID J. WAXSE  
        UNITED STATES MAGISTRATE JUDGE

/s/Edward A. McConwell
Edward A. McConwell
Kansas Bar Number 6454
MCCONWELL LAW OFFICES
5925 Beverly
Mission, Kansas 66202
(913) 262-0605
Fax: (913) 262-0652
ed@mcconwell.com

*Attorney for Plaintiff*

   and

 /s/ Mark D. Hinderks
Mark D. Hinderks #11293
STINSON, MORRISON, HECKER, LLP
12 Corporate Woods
10975 Benson, Suite 550
Overland Park, KS 66210-2008
PH: 913-451-8600
Fax: 888-221-9755
mhinderks@stinsonmoheck.com

Michael A. O'Shea
John M. Caracappa
AKIN, GUMP, STRAUSS, HAUER & FELD
Robert S. Strauss Blvd.
1333 New Hampshire Ave. N.W.
Washington, DC 20036-1564
PH: 202-887-4587
Fax: 202-887-4288
moshea@akingump.com
jcaracappa@akingump.com

*Attorneys for Defendant*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARK D. FELIX,
    Plaintiff and
    Counterclaim-Defendant,    Case No. 05 2525 CM

    v.

AMERICAN HONDA MOTOR CO., INC.
a California corporation.

    Defendant,
    Counterclaim-Plaintiff

**UNDERTAKING PURSUANT TO PROTECTIVE ORDER**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job title is _____.

4. I have received a copy of the Protective Order ("the Order") entered in this case on May \_\_, 2006.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will submit to the jurisdiction of the United States District Court for the District of Kansas for purposes of enforcement of the Order, and fully understand that violation of the Order is punishable as contempt of Court.

8. I will hold in confidence, and will not disclose to anyone not qualified under the Order, any confidential information, documents or materials including any words, substances, summaries, abstracts or indices of such confidential information, documents and/or materials

9

disclosed to me, and I shall use confidential information, documents and/or materials only for purposes of this Action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

9. I will return all confidential documents and/or materials including any words, substances, summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2006.

                                                                                                               _____
                                                                                                               Signature

                                                                                                              _____
                                                                                                              Type or Print Name