IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK D. FELIX,                                    )
                                                  )
                     Plaintiff,                   )
                                                  )          CIVIL ACTION
v.                                                )
                                                  )          No. 05-2525-CM
                                                  )
AMERICAN HONDA MOTOR CO., INC.,   )
et al.,                                           )
                                                  )
                     Defendants.                  )
                                                  )

**MEMORANDUM AND ORDER**

Plaintiff Mark Felix brings this patent infringement lawsuit against defendants American

Honda Finance Corporation, d/b/a Honda Financial Services ("Honda Finance"), American Honda

Motor Company, Inc. ("American Honda"), Honda of America Manufacturing, Inc. ("Honda

America"), Honda of Canada, Inc., d/b/a Honda of Canada Manufacturing. ("Honda Canada"),

Honda R & D Americas, Inc. ("Honda R & D") and Honda Trading America Corporation ("Honda

Trading").  This matter is before the court on defendant American Honda's Motion for Summary

Judgment (Doc. 68).

**I.      Factual Background**[1]

Plaintiff, the inventor and owner of U.S. Patent No. 6,155,625 ("'625 patent"), alleges that

the In-Bed Trunk® of the Honda Ridgeline truck infringes on claim 6 of the '625 patent.  The '625

patent is for a vehicle storage system mounted below a vehicle bed.  Claim 6 of the '625 patent

reads:

---

[1]  The court construes the facts in the light most favorable to the non-moving parties pursuant
to Fed. R. Civ. P. 56.  The court has combined the facts proposed by both parties and included only
those facts relevant, material, and properly supported by the record.

6.  In combination with a vehicle[,] including a vehicle bed, the improvement of a
storage system which includes:
a) an opening formed in the vehicle bed and including an opening rim;
b) a compartment with an interior;
c) said compartment being mounted on said bed with said compartment interior
accessible through said opening;
d) a lid assembly including lid mounting means for mounting said lid in covering
relation with respect to said opening;
e) a channel formed at the rim of said bed opening and including an inner flange;
f) a weathertight gasket mounted on said flange and engaging said lid in its closed
position; and
g) a plurality of drain holes formed in said channel.

The parties agree on many of the terms, and the court interpreted the disputed claims at the

December 5, 2006 *Markman* hearing.  During the *Markman* hearing, the court interpreted (1)

"mounted" to mean "securely affixed or fastened to;" (2) "flange" to mean an "edge of the channel;"

and (3) "engaging" to mean "coming together and interlocking."  The parties agree that when the lid

of the In-Bed Trunk® is open, the weatherstrip gasket is not mounted on the flange of the channel

and the gasket does not come into contact with any portion of the channel.

The parties rely on the following diagrams:



FIG. 4          Figure A



Figure B

Figure A represents the '625 patent; the gasket is 18, the flange is 16, and the channel is 12.  Figure

B represents the In-Bed Trunk®; the 3, 2, and 1 represent the channels of the In-Bed Trunk®.  The

following diagrams show the lids in their closed positions:

-3-





Fig                                    ure C                                    Fig

ure

D

Defendant American Honda's motion seeks summary judgment on plaintiff's theories of

literal infringement and infringement under the doctrine of equivalents.  But after filing this motion,

defendant filed a Motion for Summary Judgment Concerning the Doctrine of Equivalents (Doc. 99).

Because the new motion raises issues regarding the doctrine of equivalents and has not been fully

briefed, the court will not consider defendant's arguments regarding the doctrine of equivalents at

this time.  The portion of this motion seeking summary judgment on plaintiff's infringement claim

under the doctrine of equivalents is denied without prejudice.

## II.    Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

### III.    Discussion

Determining whether a claim has been infringed is a two step process.  *See AquaTex Indus.,*

*Inc. v. Techniche Solutions*, 419 F.3d 1374, 1380 (Fed. Cir. 2005).  "First, the meaning and scope of

the asserted patent claims is determined, and then the properly construed claims are compared to the

accused product or process."  *Id.* (quoting *Ranbaxy Pharms., Inc. v. Apotex, Inc.*, 350 F.3d 1235,

1239–40 (Fed. Cir. 2003)).  Claim construction, the first step, is a matter of law.  *SafeTCare Mfg.,*

*Inc. v. Tele-Made, Inc.*, __ F.3d __, No. 2006-1535, 2007 WL 2215718, at \*4 (Fed. Cir. Aug. 3,

2007).  Claim infringement is a question of fact.  *Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d

1372, 1376 (Fed. Cir. 2005).  "The proper inquiry is whether the evidence is such that a reasonable

jury could return a verdict for the non-movant."  *Id.*

To establish literal infringement, plaintiff must show that "the accused device contain[s] each

limitation of the claim exactly; any deviation from the claim precludes a finding of literal

infringement."  *Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998).

Infringement is a question of fact, but when the parties do not dispute any relevant facts regarding

the accused product "but disagree over possible claim interpretations, the question of literal

infringement collapses into claim construction and is amenable to summary judgment."  *Gen. Mills,*

*Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997).

Defendant argues that the In-Bed Trunk® does not literally infringe on the '625 patent

because it does not contain limitation 6(f)—a weathertight gasket mounted on said flange and

engaging said lid in its closed position.  Specifically, defendant argues that the In-Bed Trunk® does

not have a weathertight gasket mounted on a flange.[2]   Defendant contends that the gasket in the '625

patent is mounted to the flange when the lid is both opened and closed and that the gasket engages

---

[2]  The flange is part of the channel.

the lid only when the lid is closed.[3]  Defendant further contends that there is no weatherstrip or

gasket mounted to any of the channels of the In-Bed Trunk®.  Instead, the weatherstrip is mounted

to the lid and does not touch the channels when the lid is open, but touches the channel and engages

the lid when the lid is closed.  Plaintiff does not dispute that the weatherstrip of the In-Bed Trunk®

is attached to the lid and does not touch the channel when the lid is open, but argues that limitation

6(f) must be construed when the lid is closed.  Plaintiff further argues that when the In-Bed Trunk®

lid is closed, the weatherstrip is mounted to the channel.

Limitation 6(f) requires "a weathertight gasket mounted on said flange and engaging said lid

in its closed position."  Plaintiff argues that limitation 6(f) must be construed as though the lid is

closed and will remain closed, contending that (1) the lid in claim 6 is only in the closed position or

(2) the phrase "in its closed position" modifies both the phrase "mounted on said flange" and the

phrase "engaging said lid."  The court disagrees.  First, claim 6 clearly contemplates (1) a

compartment accessible through an opening and (2) a lid that can cover the opening.  (See claim

6(a), (c), and (d)).  If the court interpreted limitation 6(f) to require that the lid remain closed, never

opening, it would be rewriting the claim.  Second, the structure of the sentence suggests that the

gasket is mounted on the flange before the lid is closed and that the gasket engages the lid when the

lid is closed.  While not an absolute, courts often rely on the grammatical "rule of the last

antecedent," under which a limiting clause or phrase "should ordinarily be read as modifying only

the noun or phrase that it immediately follows."  *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).

---

[3] Defendant also asserts that the In-Bed Trunk® does not infringe on the '625 patent because the In-Bed Trunk® lacks the following requirements of claim 6: (1) a storage compartment mounted on a bed; (2) a plurality of drain holes in the channel formed at the rim of the bed opening; and (3) the gasket mounted on a flange of the channel at the rim of the bed opening creating a fluid-tight and weathertight seal.  Defendant does not provide support for these arguments, but states that it will file an additional motion regarding these issues.

Under this rule, "in its closed position" modifies the phrase "engaging said lid." This interpretation is consistent with the plain meaning of claim 6. Accordingly, the court finds that limitation 6(f) does not require that it be construed as though the lid is closed and will remain closed.

The parties dispute whether the In-Bed Trunk® weatherstrip is mounted to the channel of the In-Bed Trunk®. As defined by the court, "mounted" means "securely affixed or fastened to." Here, the In-Bed Trunk® weatherstrip is not mounted to the channel. When the lid is closed the weatherstrip is compressed between the channel and the lid, but once the lid is opened, the weatherstrip remains with the lid and no longer touches the channel. In essence, the difference between the '625 patent and the In-Bed Trunk® is that the '625 weatherstrip is mounted to the flange and the In-Bed Trunk® weatherstrip is mounted to a part of the lid. This difference causes plaintiff's literal infringement claim to fail. *See, e.g., Budde v. Harley-Davidson, Inc.*, 116 Fed. App'x 270, 273–74 (Fed. Cir. 2004) (holding that fuel injectors mounted in the intake manifold did not literally infringe a patent that required fuel injectors to be mounted in the throttle body); *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997) (recognizing that an accused product containing a slot in a container could not literally infringe a claim requiring that the slot be at the top of the container).

Applying this construction, the court determines that no reasonable juror could find that the In-Bed Trunk® literally meets limitation 6(f). Therefore, the In-Bed Trunk® does not literally infringe on the '625 patent. Defendant's motion on plaintiff's literal infringement claim is granted.

**IT IS THEREFORE ORDERED** that American Honda's Motion for Summary Judgment (Doc. 68) is granted in part and denied without prejudice in part. The court will address plaintiff's other theory of infringement when it considers Defendant's Motion for Summary Judgment Concerning the Doctrine of Equivalents (Doc. 99).

-7-

Dated this 19th day of October, 2007, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**