IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK D. FELIX, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2525-CM |
| ) | |
| AMERICAN HONDA MOTOR CO., INC., ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this patent infringement action against defendants. This matter is currently before the court on defendant Honda of Canada Mfg., Inc.'s ("Honda of Canada"), a Division of Honda Canada, Inc., Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 71)[1] and defendant Honda R&D Americas, Inc.'s ("Honda R&D") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 73). Both defendants argue that they should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**I.     Legal Standard**

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). To demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie

---

[1] Pursuant to the parties' stipulation (Doc. 76), defendant Honda of Canada Mfg., Inc., a Division of Honda Canada, Inc. has been substituted for the former party denominated as "Honda Canada, Inc., d/b/a Honda Mfg. of Canada."

showing that jurisdiction exists.[2] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id*. The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court must determine whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute, Kan. Stat. Ann. § 60-308, and whether the exercise of jurisdiction would offend the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990). But "these inquiries are for all intents and purposes the same because the Kansas long-arm statute . . . has been liberally construed by the Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause." *Flannagan v. Bader*, 905 F. Supp. 933, 936 (D. Kan. 1995) (citation omitted). The court therefore proceeds directly to the constitutional inquiry. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citation omitted); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304 (10th Cir. 1994).

---

[2] Eventually a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

Plaintiff does not argue that the court has general jurisdiction over the individual defendants. Accordingly, the court only looks at whether it has specific jurisdiction over defendants.

To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980). Second, the court must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987).

A plaintiff meets the minimum contacts requirement by showing that (1) the defendant purposely availed himself of the privilege of conducting activities within the forum state—thereby invoking the benefits and protections of the state's laws—and (2) the claims against him arise out of or relate to those contacts. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996) (citation omitted).

## II.    Analysis

Plaintiff argues that the minimum contacts requirement is satisfied as to both defendants because defendants Honda of Canada and Honda R&D knowingly "participated in a civil conspiracy to engage in patent infringement on a widespread basis," the effects of which "occurred in virtually every jurisdiction in the United States, certainly including Kansas." (Pl.'s Memo in Opp. to Def. Honda of Canada's Mot. to Dismiss at 7, 8.); (Pl.'s Memo in Opp. to Def. Honda R&D's Mot. to Dismiss at 7.). Plaintiff does not allege that defendant Honda of Canada or defendant Honda R&D engaged in any business practices in Kansas; it relies entirely on the alleged conspiracy.

Plaintiff relies on *Merriman v. Crampton Corp.*, 146 P.3d 162 (Kan. 2006), to support its position that personal jurisdiction can be established through a conspiracy. The *Merriman* court

-3-

relied on conspiracy jurisdiction to satisfy the due process requirements; however, for conspiracy jurisdiction to apply, plaintiff must allege "a conspiracy to commit a business tort which had foreseeable consequences in Kansas." *NL Indus., Inc. v. Gulf & W. Indus., Inc.*, 650 F. Supp 1115, 1137 (D. Kan. 1986) (citation and emphasis omitted); *see, e.g., Merriman*, 146 P.3d at 187 (applying conspiracy jurisdiction when the facts alleged in plaintiff's petition alleged a price-fixing conspiracy). These allegations must be credible and supported, and not purely conclusory. *NL Indus., Inc.,* 650 F. Supp. at 1137. Plaintiff's complaint does not include any allegation of conspiracy to commit a business tort. Instead, plaintiff states that it "believes that the facts presented in the declarations of Joe Sperduti and Charles Allen and in the deposition of David Edwards are sufficient for this court to find the factual predicate for the exercise of jurisdiction." (Pl.'s Memo in Opp. to Def. Honda of Canada's Mot. to Dismiss at 8.); (Pl.'s Memo in Opp. to Def. Honda R&D's Mot. to Dismiss at 8.).

The court has reviewed Mr. Sperduit's and Mr. Allen's declaration and the portion of Mr. Edward's deposition relied upon by plaintiff. Mr. Edward, an employee of Honda Research and Development, explains that multiple Honda companies participate in the design and development of the Honda Ridgeline. (Ex. A to Pl.'s Opp. to Honda R&D's Mot. to Dismiss.) Mr. Sperduit, defendant Honda of Canada's General Manager of Administration, and Mr. Allen, defendant Honda R&D's Senior Vice President and General Manager, explain the following design, manufacture, and distribution process of the Honda Ridgeline: (1) defendant Honda R&D designed and developed the Honda Ridgeline, including the design of the In-Bed Trunk; (2) defendant Honda R&D made the designs available to Meridian Automotive Systems, Inc. ("Meridian"), which is located in Michigan; (3) Meridian manufactures the In-Bed Trunk; (4) defendant Honda of Canada purchases the assembled In-Bed Trunk from Meridian; (5) defendant Honda of Canada assembles the Honda

-4-

Ridgeline, incorporating the In-Bed Trunk; (6) defendant Honda of Canada sells the assembled Honda Ridgeline to Honda Canada, Inc.; (7) Honda Canada, Inc. sells the Honda Ridgeline to American Honda Co., Inc.; and (8) American Honda Co., Inc. sells the Honda Ridgeline to dealers in the United States.  (Ex. 1 to Def. Honda of Canada's Memo. in Support of its Mot. to Dismiss.); (Ex. 1 to Def. Honda R&D's Memo. in Support of its Mot. to Dismiss)  Neither the deposition nor the declarations suggest that defendant Honda of Canada or defendant Honda R&D entered into a conspiracy to engage in patent infringement or any other business tort.  They merely explain the chain of entities involved with the design, manufacture, and distribution of the Honda Ridgeline.

Plaintiff requests that the court allow additional time for discovery.  "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quotation omitted).  Although the court is vested with broad discretion in determining whether discovery should be allowed, that discretion is abused when the denial results in prejudice to the plaintiff.  *Id.*  Prejudice exists "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  *Id.* (quotation omitted).  Here, a more satisfactory showing of the facts is necessary for the court to determine whether defendants were involved in a conspiracy to commit a business tort.

Accordingly, the court refers this matter to Magistrate Judge David J. Waxse for limited discovery on the issue of whether either defendant was involved in a conspiracy to commit a business tort.  Defendants Honda of Canada and Honda R&D's motions are denied without prejudice.

Plaintiff also requests that the court allow it to amend its complaint to allege a civil conspiracy.  This request is not a proper motion to amend its complaint under the Federal Rules of

-5-

Civil Procedure. If plaintiff desires to amend its complaint, it should file a proper motion under the Federal Rules.

**IT IS THEREFORE ORDERED** that Defendant Honda of Canada Mfg., Inc., a Division of Honda Canada, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 71) is denied without prejudice.

**IT IS FURTHER ORDERED** that Defendant Honda R&D Americas, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 73) is denied without prejudice.

**IT IS FURTHER ORDERED** that this matter is referred to Magistrate Judge David J. Waxse for limited discovery on the issue of whether either defendant was involved in a conspiracy to commit a business tort.

Dated this 23rd day of January 2008, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**