IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK D. FELIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2525-CM |
| ) | |
| AMERICAN HONDA MOTOR CO., INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Mark Felix brings this patent infringement lawsuit against defendants American Honda Finance Corporation, d/b/a Honda Financial Services ("Honda Finance"), American Honda Motor Company, Inc. ("American Honda"), Honda of America Manufacturing, Inc. ("Honda America"), Honda of Canada, Inc., d/b/a Honda of Canada Manufacturing ("Honda Canada"), Honda R & D Americas, Inc. ("Honda R & D") and Honda Trading America Corporation ("Honda Trading"). This matter is before the court on defendant American Honda's Motion for Summary Judgment Concerning the Doctrine of Equivalents (Doc. 100).

**I.   Factual Background**[1]

Plaintiff, the inventor and owner of U.S. Patent No. 6,155,625 ("'625 patent"), alleges that the In-Bed Trunk® of the Honda Ridgeline truck infringes on claim 6 of the '625 patent. The '625 patent is for a vehicle storage system mounted below a vehicle bed. Claim 6 of the '625 patent reads:

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by both parties and included only those facts relevant, material, and properly supported by the record.

> 6. In combination with a vehicle including a vehicle bed, the improvement of a storage system which includes:
> a) an opening formed in the vehicle bed and including an opening rim;
> b) a compartment with an interior;
> c) said compartment being mounted on said bed with said compartment interior accessible through said opening;
> d) a lid assembly including lid mounting means for mounting said lid in covering relation with respect to said opening;
> e) a channel formed at the rim of said bed opening and including an inner flange;
> f) a weathertight gasket mounted on said flange and engaging said lid in its closed position; and
> g) a plurality of drain holes formed in said channel.

On October 19, 2007, the court granted defendant American Honda's motion for summary judgment, finding that the In-Bed Trunk® of the Honda Ridgeline truck does not literally infringe on claim 6 of the '625 patent. Defendant now seeks summary judgment regarding plaintiff's doctrine of equivalents claim, arguing that plaintiff's claim is barred by the doctrine of prosecution history estoppel.

Claim 6 was originally filed as claim 1, which recited an improved storage compartment that had the following requirements:

> a) an opening formed in the vehicle bed and including an opening rim;
> b) a compartment with an interior;
> c) mounting means for mounting said compartment on said bed with said compartment interior accessible through said opening; and
> d) a lid assembly including lid mounting means for mounting said lid in covering relation with respect to said opening.

Filed claim 7 depended on filed claim 1 and contained all the claim elements of filed claim 1 with the addition of the following requirements:

> e) a channel formed at the rim of said bed opening and including an inner lip; and
> f) a weathertight gasket mounted on said lip and engaging said lid in its closed position.

On June 9, 1999, the patent examiner rejected application claim 1 as being unpatentable over prior

-2-

patents—U.S. Patent No. 5,636,890 to Cooper in combination with U.S. Patent No. 4,733,898 to Williams—and rejected claim 7 because the examiner determined that it would have been obvious to a person of ordinary skill in the art to make the storage system of Cooper '890 with a channel and a weathertight gasket as taught by Flues '935 to prevent water from going into the storage system.

On September 17, 1999, in response to the examiner's June 9, 1999 rejections, plaintiff rewrote filed claim 7 as independent filed claim 14 (including the limitations of claim 1 and 7), with some additional amendments. This new claim recited the following requirements:

> a) an opening formed in the vehicle bed and including an opening rim;
> b) a compartment with an interior;
> c) said compartment being mounted on said bed with said compartment interior accessible through said opening; and
> d) a lid assembly including lid mounting means for mounting said lid in covering relation with respect to said opening;
> e) a channel formed at the rim of said bed opening and including an inner lip; and
> f) a weathertight gasket mounted on said lip and engaging said lid in its closed position.

On October 21, 1999, the examiner rejected claim 7 (rewritten as independent claim 14) over Cooper '890 in view of Cooper '519, because it would have been obvious to a person of ordinary skill in the art at the time the invention was made to make the inner flange of the storage system of a vehicle of Cooper '890, with a weather gasket, as taught by Cooper '519, in order to prevent water from getting into the storage compartment. But the examiner indicated that if filed claim 8 were rewritten in independent form to include all the limitations of filed claims 1, 7, and 8, then the claim would be allowed. On January 28, 2000, plaintiff filed an amendment in response to the October 21, 1999 rejection in which he rewrote filed claim 8 in independent form as filed claim 16. Filed claim 16 issued as claim 6.

The parties agree that these amendments narrowed plaintiff's claim and that plaintiff is presumptively barred from asserting that a gasket mounted on a flange of a channel is equivalent to a

-3-

gasket unmounted on a flange of a channel.[2]

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.    Analysis

Defendant argues that the doctrine of prosecution history estoppel prohibits plaintiff from prevailing under the doctrine of equivalents. Prosecution history estoppel prevents recapture of subject matter surrendered during prosecution of the patent. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1377 (Fed. Cir. 2007). It "can occur during prosecution in one of two ways, either (1) by making a narrowing amendment to the claim ('amendment-based estoppel') or (2) by surrendering claim scope through argument to the patent examiner ('argument-based estoppel')." *Schwarz Pharma, Inc. v. Paddock Labs, Inc.*, 504 F.3d 1371, 1375 (Fed. Cir. 2007) (quoting *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1363 (Fed. Cir. 2006). Under amendment-based estoppel, "a patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim." *Id.* (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 740–41 (2002)). A patentee can overcome the presumption that prosecution history estoppel bars a finding

---

[2] In footnote five of its response, plaintiff requests that the court strike or ignore the declarations of Mr. Adelman. The court did not rely on Mr. Adelman's statements, and thus, it is unnecessary for the court to address plaintiff's request at this time.

-4-

of equivalence when the rationale underlying the amendment bears only a tangential relation to the equivalent in question.[3] *Festo Corp.*, 535 U.S. at 740–41.  Here, the parties agree that the presumption applies to element (f) of claim 6—the requirement that the gasket is mounted on the flange.  But plaintiff argues that the amendment bears only a tangential relation to the equivalent in question.  Thus, plaintiff, as the patentee, bears the burden to overcome the presumption and establish the reason for his amendment was unrelated to patentability.  "Close questions, therefore, should be resolved in favor of the accused infringer."  *Bosch v. Japan Storage Battery Co.,* 223 F. Supp. 2d 1159, 1172 (C.D. Cal. 2002).

"[T]he tangential relation criterion for overcoming the *Festo* presumption is very narrow."  *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 480 F.3d 1335, 1342 (Fed. Cir. 2007).  "'[A]n amendment made to avoid prior art that contains the equivalent in question is not tangential, *Festo*, [*v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003)].'  It does not follow, however, that equivalents not within the prior art must be tangential to the amendment."  *Rodia Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1383 (Fed. Cir. 2005).  "Where a particular amendment addresses the same patentability issues as other amendments made, even where perhaps it would not have been necessary to make this 'extra' amendment, courts have found these amendments not to be tangential." *Lucent Techs. Inc. v. Gateway, Inc.,* Nos. 02CV2060-B(CAB), 03CV0699-B (CAB), 03CV1108-B (CAB), 2007 WL 925354, at *6 (S.D. Cal. Mar. 6, 2007) (*citing Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40–41 (1997); *Biagro W. Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1306 (Fed. Cir.2005)).  An amendment may be deemed tangential only where the reason for the amendment and the accused equivalent appear wholly

---

[3] The presumption may be overcome for additional reasons, *Festo Corp.*, 535 U.S. at 740–41, but the parties in this case rely exclusively on the tangential relation exception.

unrelated. *Id.*

When determining whether the patentee has established a merely tangential reason for the amendment, the court "focuses on the patentee's objectively apparent reason for the narrowing amendment." *Festo Corp.,* 344 F.3d at 1369. The court may not consider information outside of the prosecution history record, but, if necessary, may hear testimony interpreting the prosecution history record from those skilled in the art. *Id.* at 1370.

Plaintiff argues that the prosecution history shows that element (f) of claim 6 was tangentially related to the equivalent because it was unnecessary for patentability and merely "came along for the ride." He contends that the first amendment was made because the prior art lacked a channel and that the second amendment was made because the prior art lacked drain holes. He argues that his stated rational for the amendments and the examiner's reasons for rejections did not specifically mention the location of the gasket.

Although the examiner did not specifically mention the location of the gasket, claim 7 was rejected because the examiner found it would have been obvious under prior patents to a person of ordinary skill in the art to make the storage system with a channel and a weathertight gasket to prevent water from going into the storage system. Additionally, the examiner indicated that if filed claim 8 were rewritten in independent form to include all the limitations of filed claims 1, 7, and 8, then the claim would be allowed. In response, plaintiff filed an amendment in which he rewrote filed claim 8, as filed claim 16, in independent form to include all the limitations of filed claims 1, 7, and 8. Filed claim 16 issued as claim 6 and reads:

> 6. In combination with a vehicle including a vehicle bed, the improvement of a storage system which includes:
> a) an opening formed in the vehicle bed and including an opening rim;
> b) a compartment with an interior;
> c) said compartment being mounted on said bed with said compartment interior

-6-

      accessible through said opening;
      d) a lid assembly including lid mounting means for mounting said lid in covering relation with respect to said opening;
      e) a channel formed at the rim of said bed opening and including an inner flange;
      f) a weathertight gasket mounted on said flange and engaging said lid in its closed position; and
      g) a plurality of drain holes formed in said channel.

The amendments that make up the final claim 6 led to its patentability. Nothing in the prosecution history suggests that the examiner would have approved the claim without each of these amendments. The examiner specifically required that claim 8 be rewritten in independent form to include all of the limitations of claims 1, 7, and 8—including the claim limitation that the gasket is mounted on the flange. Based on the record, the court finds that plaintiff has not met its burden to overcome the presumption and establish the reason for his amendment was unrelated to patentability. Therefore, plaintiff is estopped under the doctrine of prosecution history estoppel from arguing that the In-Bed Trunk® of the Honda Ridgeline truck infringes by equivalents claim 6 of the '625 patent. Defendant America Honda is entitled to summary judgment on the issue of infringement by equivalents.

In light of the court's ruling, the parties' Joint Motion for Clarification of Bifurcation Order (Doc. 108); Mr. Felix's Motion for Summary Judgment of No Enforceability for Inequitable Conduct (Doc. 111); Defendant's Motion for Summary Judgment of No Willful Infringement (Doc. 113); Defendant's Motion for Summary Judgment That Claim 6 of the '625 Patent Is Invalid (Doc. 115); and Honda of Canada and Honda R&D's Motion for Reconsideration (Doc. 133) are denied as moot.

**IT IS THEREFORE ORDERED** that defendant American Honda's Motion for Summary Judgment Concerning the Doctrine of Equivalents (Doc. 100) is granted.

**IT IS FURTHER ORDERED** that the following motions are denied as moot: Joint Motion

for Clarification of Bifurcation Order (Doc. 108); Mr. Felix's Motion for Summary Judgment of No Enforceability for Inequitable Conduct (Doc. 111); Defendant's Motion for Summary Judgment of No Willful Infringement (Doc. 113); Defendant's Motion for Summary Judgment That Claim 6 of the '625 Patent Is Invalid (Doc. 115); and Honda of Canada and Honda R&D's Motion for Reconsideration (Doc. 133).

Dated this 9th day of April 2008, at Kansas City, Kansas.

                                       **s/ Carlos Murguia**
                                       **CARLOS MURGUIA**
                                       **United States District Judge**